NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MAURA LARKINS,<br><br>    Plaintiff-Appellant,<br><br> v.<br><br>THOMAS MOORE, MD, CEO of UC San Diego Health System Faculty Practice and Dean for Clinical Affairs, UCSD Health Sciences; et al.,<br><br>    Defendants-Appellees. | No. 18-56350<br><br>D.C. No. 3:16-cv-02661-LAB-NLS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted July 15, 2019**

Before:  SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

  Maura Larkins appeals pro se from the district court's judgment dismissing

her 42 U.S.C. § 1983 action alleging First Amendment claims against the

University of California San Diego Health System ("UCSDHS") and its doctors

---

  *   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  **   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

arising out of their refusal to reinstate her as a patient. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Decker v. Advantage Fund Ltd.*, 362 F.3d 593, 595-96 (9th Cir. 2004). We affirm.

The district court properly dismissed Larkins's free speech and right-to-petition claims because Larkins failed to allege facts sufficient to show how the Care Agreement violated the First Amendment. *See Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271, 285 (1984) (the First Amendment does not include the right to have government officials respond or listen to individuals' communications on public issues); *Berger v. City of Seattle*, 569 F.3d 1029, 1036 (9th Cir. 2009) (en banc) (explaining that "reasonable regulations governing the time, place, and manner of speech" do not violate the First Amendment (citation and internal quotation marks omitted)).

The district court properly dismissed Larkins's retaliation claim because Larkins failed to allege facts sufficient to show that the Care Agreement would chill a person of ordinary firmness from exercising his or her First Amendment rights. *See Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1300 (9th Cir. 1999) (to state a retaliation claim, a plaintiff must allege facts showing that an official's actions "deterred or chilled [the plaintiff's … speech] and such deterrence was a substantial or motivating factor [in the defendant's] conduct"

(citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Larkins's *ex parte* motion for leave to file a second amended complaint because the proposed amendments would have been futile. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (setting forth standard of review and explaining that a district court may deny leave to amend where the proposed amendments would be futile).

Larkins's contentions that the district court failed to take her allegations as true, made factual errors in analyzing her claims, and improperly denied her requests for declaratory and injunctive relief are unpersuasive.

**AFFIRMED.**